IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SCOTT LYONS, | : |
|           Petitioner, | : |
| VS. | : NO. 5:25-cv-00012-TES-CHW |
| STATE OF GEORGIA, | : |
|           Respondent. | : |

**ORDER**

Petitioner Scott Lyons, a prisoner in Hays State Prison in Trion, Georgia, filed a handwritten document that has been docketed in this Court as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] ECF No. 1. Petitioner appears to be attempting to challenge the indictment underlying his conviction in the Superior Court of Peach County. *See generally* ECF Nos. 1 & 2. Petitioner has not used the required 28 U.S.C. § 2254 form and he has not paid the $5.00 filing fee or moved to proceed *in forma pauperis*.

Petitioner must complete the enclosed § 2254 form in full, including all information regarding how and when he exhausted state remedies. Petitioner must be aware that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). To properly exhaust state remedies, a petitioner must present every claim raised in his federal petition to the state's highest court, either on direct appeal or on collateral

---

[1] Petitioner initially filed this petition in the Northern District of Georgia, which transferred the case to this Court because Petitioner is challenging a judgment from the Middle District of Georgia.

review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Petitioner has not provided any information regarding steps he has taken to exhaust his claims. Thus, he must be sure to provide this information in his recast petition.

Petitioner must also either pay the $5.00 filing fee or file an application requesting leave to proceed *in forma pauperis*, which must include "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]." Habeas Corpus R. 3(a)(2).

In conclusion, Petitioner is **ORDERED** to complete **IN FULL** the attached § 2254 form.[2] He is also **ORDERED** to either pay the $5.00 filing fee or file an application requesting leave to proceed *in forma pauperis*, which must include the required affidavit and a certificate "showing the amount of money or securities that [he] has in any account in the [prison]." Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this order to comply and his failure to do so may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward the appropriate § 2254 petition and *in forma pauperis* forms (all showing this civil action number) to Petitioner along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 10th day of February, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[2] In light of this order to recast his petition, Petitioner's pending motions to amend his petition (ECF Nos. 2 & 6) are **DENIED** as unnecessary. Petitioner should include any information he believes is necessary for consideration of his petition with the amended petition.