IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SCOTT LYONS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-012-TES-CHW |
| | : | |
| JOSHUA JONES, Warden, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Before the Court is Respondent Warden Joahua Jones's motion to dismiss as untimely (Doc. 16) this Section 2254 federal habeas action commenced by Petitioner Scott Lyons (Doc. 11). For the following reasons, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 16) be **GRANTED** and that this action be **DISMISSED with prejudice** as untimely.

## BACKGROUND

Petitioner challenges his April 5, 1994, conviction in the Superior Court of Peach County for burglary, robbery by force, and two counts of simple battery.[1] (Doc. 17-2). The trial court

---

[1] The Court of Appeals of Georgia summarized the evidence against Petitioner as follows:
> [T]he evidence shows that Lyons was seen approaching the home of Frances and Clarence Glisten, an elderly couple who lived in Peach County. Lyons knocked on the back door, and Mrs. Glisten opened the door. Lyons then forced his way into the home and grabbed Mrs. Glisten around the neck. Mr. Glisten heard noise and went to check. When he saw Lyons attacking his wife, Mr. Glisten "jumped him." Lyons threw Mr. Glisten to the floor, injuring him slightly in the process, and told Mr. Glisten he was going to shoot him. Once Mr. Glisten was on the floor, Lyons forced open Mr. Glisten's back pocket and took his wallet. Gary Sheffield, a day worker who was putting up blinds for the Glistens, saw Lyons grab Mrs. Glisten and throw Mr. Glisten to the ground. He also saw Lyons forcibly take Mr. Glisten's wallet. According to Sheffield, he got within five feet of Lyons, and Lyons looked him "straight in the eye so I could see his whole face straight on." When Sheffield approached him, Lyons reached behind him and said he had a gun. Lyons then left the house by the same door he had entered. Police arrived and prepared a photo lineup. The photos used were old and no one positively identified Lyons from the lineup. The next day,

sentenced Petitioner to consecutive twenty-year sentences for each count. (*Id.*). The Sentence Review Panel subsequently modified the sentence and ordered Petitioner to serve consecutive twenty-year sentences on the burglary and robbery by force convictions and concurrent twelve-month sentences on the two simple battery convictions. (Doc. 17-3). Petitioner's conviction was affirmed by the Court of Appeals of Georgia on August 4, 2004. *Lyons v. State*, 269 Ga. App. 27, 602 S.E.2d 917 (2004). Petitioner did not seek certiorari review in the Supreme Court of Georgia.

Petitioner filed a state habeas action on March 16, 2005, in the Superior Court of Tatnall County. (Doc. 17-6). The state habeas court denied the petition on March 7, 2007. (Doc. 17-8). Petitioner did not file an application for a certificate of probable cause to appeal.

Petitioner, *pro se*, commenced this federal habeas action on December 30, 2024. (Doc. 1). Following the Court's order to amend his petition (Doc. 7), Petitioner filed an amended petition on April 8, 2025. (Doc. 11). Respondent answered (Doc. 15) and moved to dismiss the petition as untimely (Doc. 16). The Court ordered Petitioner to respond (Doc. 18), but Petitioner failed to do so. For the reasons explained below, Petitioner's action is untimely and not subject to equitable tolling.

---

after obtaining updated pictures, the investigator put together a new photo lineup and separately presented it to Mrs. Glisten and Sheffield. Both Mrs. Glisten and Sheffield identified Lyons as the robber. In addition, Mrs. Glisten, Mr. Glisten and Sheffield all positively identified Lyons at trial.

*Lyons v. State*, 269 Ga. App. 27, 27–28, 602 S.E.2d 917 (2004).

## ANALYSIS

### *Untimeliness Under the AEDPA*

Under the Antiterrorism and Effective Death Penalty Act or "AEDPA," a one-year limitation period applies to Section 2254 federal habeas petitions. Normally, as here, that limitation period begins to run as of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To determine this date, the Court must "look to the actions taken by the state court and the relevant state law" when determining whether the state direct appellate review process has been completed. *Chamblee v. Florida*, 905 F.3d 1192, 1196 (11th Cir. 2018). The AEDPA further provides for statutory tolling of the limitation period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on August 26, 2004, the expiration of the twenty-day time limit to seek certiorari to the Georgia Supreme Court following the Georgia Court of Appeals' decision on August 6, 2004. *Stubbs v. Hall*, 308 Ga. 354, 359–60 (2020); GA. SUP. CT. R. 38(2). From that date, the AEDPA's clock ran for 202 days until March 16, 2005, when Petitioner filed his state habeas petition tolling the AEDPA's one-year period. (Doc. 17-6). The state habeas court denied Petitioner's state habeas petition on March 7, 2007. (Doc. 17-8). Because Petitioner did not file a certificate of probable cause to appeal the denial of the state habeas petition to the Georgia Supreme Court, his state habeas action concluded on April 6, 2007—the expiration of the 30-day period in which Petitioner could have properly sought appellate habeas review pursuant to O.C.G.A. § 9-14-52(b).

The AEDPA's clock then ran for the remaining 163 days allotted for Petitioner to file a federal habeas petition. Therefore, Petitioner's time to file this federal habeas petition expired on September 17, 2007.[2] Petitioner's Section 2254 federal habeas petition, not filed until December 30, 2024, is more than seventeen years out of time.

*Equitable Tolling or Other Savings Provisions*

The AEDPA imitations period can be subject to equitable tolling. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). "Equitable tolling is an extraordinary remedy [that] is applied sparingly." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). Further, Petitioner has the burden of proving that equitable tolling is warranted. *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Petitioner does not ask for equitable tolling of the AEDPA's limitation period, and equitable tolling is not warranted. Petitioner offers no justification for his failure to take any action, in either federal or state court, to challenge his conviction for over seventeen years, and no such justification is apparent from the record. Accordingly, equitable tolling is not applicable, and Petitioner's Section 2254 petition should therefore be dismissed as untimely.

## **CONCLUSION**

For the reason discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 16) be **GRANTED** and this action be **DISMISSED with prejudice**. Additionally,

---

[2] Because the AEDPA's clock ran out on September 16, 2007, a Sunday, Petitioner had until that Monday, September 17, 2007, to file his federal habeas petition.

4

pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, it is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of September, 2025.

s/ Charles H. Weigle_____  
Charles H. Weigle  
United States Magistrate Judge